UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CASE NO.   05-217 M |
| ) | |
| v. ) | |
| ) | |
| ) | DETENTION ORDER |
| JASON COREY PROUT, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Offenses charged:

      Count I:      Conspiracy to Possess and Distribute Ephedrine, in violation of Title 21, U.S.C., Section 841(c)(2) and 846;

      Count II:     Conspiracy to Distribute MDMA, in violation of Title 21, U.S.C., Sections 841(a)(1), 841(b)(1)(C), and 846.

Date of Detention Hearing:  May 9, 2005.

      The Court, having conducted an uncontested detention hearing pursuant to Title 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community.  The Government was represented by

DETENTION ORDER
PAGE -1-

1  Mike Lang.  The defendant was represented by Gilbert Levy.

2        The Government argued for detention based danger to the community and risk of

3  flight.  The Government contended that the danger is evident given that the combined value

4  of the drugs involved is estimated to be worth over ten million dollars in United States

5  currency, which is the largest such seizure at the U.S.-Canadian border to date.    The

6  Government stated that the quantity and monetary worth of the seizure raises the stakes and

7  elevates the threat of danger for all parties involved. The Government believed that the

8  seriousness of the offense is magnified when considering the number of lives ruined by the

9  use of methamphetamine, which also increases the seriousness of the offense and danger to

10  the community.

11        The Government asserted that, although circumstantial, the weight of the evidence

12  ties all three of the defendants  to the conspiracy; ties which include a rented U-Haul truck

13  and connections to a storage locker which contained documents referencing a fictitious

14  company, several empty hockey bags, a shoe box, and seed bags which tested positive for

15  ecstasy.  The Government noted that the conspiracy includes a  Ford commercial box truck

16  that was used for smuggling drugs between Canada and the United States, and its manifest

17  indicated delivery to a company by the name of Northwest Resale.  Upon investigation by

18  federal authorities, it was discovered that Northwest Resale was a fictitious company

19  drawing government agents to an empty field in Snohomish, Washington.  This same

20  fictitious company was referenced in documents found in the storage locker.

21        The  Government contends that the defendant is a Canadian citizen who is

22  currently in the United States, however curiously, according to U.S. Customs there have

23  been no U.S.- Canadian border crossings noted since May 2004.

24        The defense submitted to the recommendation of U.S. Pre-trial Services for

25  detention.

26

DETENTION ORDER
PAGE -2-

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1)     There is probable cause to believe the defendant committed the conspiracy drug offense. The maximum penalty is in excess of ten years. There is therefore a rebuttable presumption against the defendant's release based upon both dangerousness and flight risk, under Title 18 U.S.C. § 3142(e).

(2)     Nothing in this record satisfactorily rebuts the presumption against release for several reasons:

(a)     The nature of the instant offense is serious. The amount and monetary value of the drugs involved in the instant offense is historically unsurpassed thereby increasing the risk of danger to the community.

(b)     The defendant poses a flight risk as his history, residence, family ties and ties to this district are unknown; he is a Canadian citizen; he has no verifiable employment.

(c)     The defendant has, in effect, stipulated to detention.

(3)     Based upon the foregoing information, which is consistent with the recommendation of U.S. Pre-trial Services, it appears that there is no condition or combination of conditions that would reasonably assure future Court appearances and/or the safety of other persons or the community.

**It is therefore ORDERED**:

(l)     The defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving

DETENTION ORDER
PAGE -3-

1    sentences or being held in custody pending appeal;

2    (2)    The defendant shall be afforded reasonable opportunity for private

3    consultation with counsel;

4    (3)    On order of a court of the United States or on request of an attorney for

5    the Government, the person in charge of the corrections facility in which

6    the defendant is confined shall deliver the defendant to a United States

7    Marshal for the purpose of an appearance in connection with a court

8    proceeding; and

9    (4)    The clerk shall direct copies of this order to counsel for the United

10    States, to counsel for the defendant, to the United States Marshal, and to

11    the United States Pretrial Services Officer.

12    DATED this 17th day of May, 2005.

13

14

15    MONICA J. BENTON
      United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

DETENTION ORDER
PAGE -4-